# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 19-cv-23885-BLOOM/Louis

ERIKA ROBERTS,

    Plaintiff,

v.

CARNIVAL CORPORATION
*d/b/a Carnival Cruise Line*,

    Defendant.

_____/

## **ORDER**

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's ("Defendant" or "Carnival") Motion to Dismiss, ECF No. [6] ("Motion"). The Court has carefully reviewed the Motion, the opposing and supporting submissions, the record and applicable law, and is otherwise fully advised. For the reasons stated below, the Motion is granted.

### I. BACKGROUND

This case stems from injuries allegedly sustained by Plaintiff while on a cruise operated by the Defendant. Plaintiff alleges that on or about November 12, 2017, while on the Defendant's vessel, the Carnival Victory (the "Ship"), she slipped and fell on the Ship's pool deck and sustained injuries. ECF No. [1], at ¶ 18. Plaintiff claims that after she fell, she called the infirmary and was told that someone would come and retrieve her. *Id.* Plaintiff asserts that despite this representation, no one came to assist her, and she was forced to walk to the infirmary for treatment of her injuries. *Id.* As a result, Plaintiff seeks damages from Carnival for the injuries she sustained as a result of the incident. Plaintiff asserts claims for negligent maintenance, negligent failure to warn, negligent training of shipboard crewmembers, and negligent design against Carnival. The relationship

between the Plaintiff and the Defendant is premised upon the purchase of a "Ticket Contract" that sets forth certain terms and conditions. One of the terms of the Ticket Contract was an agreement that any claim for personal injury must be brought within one year from the date of incident. Defendant now seeks dismissal of the claims on the basis that the Plaintiff failed to file suit within the one-year statute of limitations period.

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).

Generally, whether a claim is barred by the statute of limitations should be raised as an affirmative defense in the answer rather than in a motion to dismiss. *See La Grasta v. First Union Secs., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) ("A statute of limitations bar is an affirmative defense and plaintiffs are not required to negate an affirmative defense in their complaint.") (internal citation and quotation omitted). However, if the complaint on its face shows that the statute of limitations bars the action, the defense can be raised by motion to dismiss. *Id.*; *see also*

*Tello v. Dean Witter Reynolds, Inc.,* 410 F.3d 1275, 1288 (11th Cir. 2005) (granting a motion to dismiss on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred).

## III. DISCUSSION

In its Motion, Carnival argues that this action is barred by the one-year statute of limitations contained in the Defendant's Ticket Contract, ECF No. [6-1], and thus should be dismissed with prejudice. ECF No. [6], at 3-6. In Response, Plaintiff argues that a statute of limitations defense is inappropriately raised at the dismissal stage. Alternatively, Plaintiff argues that the statute of limitations does not bar the action because the limitations provision in the Ticket Contract was not "reasonably communicated" to the Plaintiff. *See generally* ECF No. [8].

### *a. Consideration of the Statute of Limitations Defense is Proper*

The Court first addresses the procedural challenge that a statute of limitations defense is not properly raised through a motion to dismiss. A statute of limitations defense is appropriately raised where on the face of the pleadings it shows that the limitation period has expired. *See Gonsalvez v. Celebrity Cruises, Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013); *see also Spadaro v. City of Miramar*, 855 F. Supp. 2d 1317, 1328 (S.D. Fla. 2012). In ruling on a motion to dismiss, the Court is generally "limited to the four corners of the complaint . . . and any documents referred to in the complaint which are central to the claims." *Wilchombe v. Teevee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (citations omitted). A defendant may also attach such central documents to its motion to dismiss without converting the motion into a motion for summary judgment. *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). "A cruise passenger ticket contract is one such document that, if it is central to a plaintiff's claim, may be attached and considered without converting a motion to dismiss into a motion for

summary judgment." *Amento v. Celebrity Cruises Inc.*, 2014 WL 11906598 (S.D. Fla. Oct. 30, 2014) (citing *Racca v. Celebrity Cruises, Inc.*, 606 F. Supp. 2d 1373, 1375 (S.D. Fla. 2009)). Here, the Defendant has attached the Ticket Contract, ECF No. [6-1], to the Motion and the Plaintiff references the Ticket Contract in her Complaint. ECF No. [1], at ¶ 5. While the Plaintiff challenges the Ticket Contract's enforceability, she does not challenge its authenticity. And because Plaintiff's claims are rooted in personal injury, the Ticket Contract is central to Plaintiff's claims based on its language. As such, the Court considers the Ticket Contract in analyzing the Motion without converting it into one for summary judgment.

The limitation period provision expressed in the Ticket Contract reads as follows:

> . . . (a) Carnival shall not be liable for any claims whatsoever for personal injury, illness or death of the Guest, unless full particulars in writing are given to Carnival within 185 days after the date of the injury, event, illness or death giving rise to the claim. Suit to recover on any such claim shall not be maintainable unless filed within one year after the date of the injury, event, illness or death, and unless served on Carnival within 120 days after filing. Guest expressly waives all other potentially applicable state or federal limitations periods.

*See* ECF No. [6-1], at ¶ 13(a).

According to the express terms of the Ticket Contract, Plaintiff's claims are subject to the one-year limitation period. Plaintiff alleges in the Complaint that she was injured on or about November 12, 2017. ECF No. [1], at ¶ 7. Plaintiff commenced the instant action on September 17, 2019, almost two years after the date of the event and the date her injuries occurred. *See generally* ECF No. [1].

### b. *The Limitations Provision was Reasonably Communicated*

The Court next considers the application of the limitations provision in the Ticket Contract to the action. "Courts will enforce such a limitation if the cruise ticket provided the passenger with

reasonably adequate notice that the limit existed and formed part of the passenger contract." *Nash v. Kloster Cruises A/S*, 901 F.2d 1565, 1566 (11th Cir. 1990) (internal citations omitted). "To determine whether contract terms contained in a cruise ship ticket are enforceable, many courts employ the 'reasonable communicativeness' test." *Lankford v. Carnival Corp.*, 2013 WL 12064497, at *4 (S.D. Fla. June 18, 2013) (quoting *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 835 (9th Cir. 2002) (internal citation omitted)). "The reasonable communicativeness test involves a two-pronged analysis that considers: (1) the physical characteristics of the clause in question; and (2) whether the plaintiffs had the ability to become meaningfully informed of the contract terms." *Id*. (internal quotations and citations omitted).

Carnival argues that the one-year statute of limitations was reasonably communicated to Plaintiff in this case, and has also attached an "Acceptance Report," which evidences that the Plaintiff received a copy of the Ticket Contract prior to boarding the Ship. ECF No. [6], at 2; *see also* ECF No. [6-2]. In her Response, Plaintiff does not contest that she received notice of the Ticket Contract. *See generally* ECF No. [8]. Rather, Plaintiff argues that the Ticket Contract's terms were not reasonably communicated to her because there was "no language on the first page of the ticket indicating that the time for filing the lawsuit would be reduced . . . It is only on the second page of the ticket" where the Ticket Contract's terms and conditions are referenced. *Id.* at 3. While Plaintiff claims that the Ticket Contract was not "actually provided" to the Plaintiff, she admits that her ticket referenced the Ticket Contract, and directed passengers where to access the Ticket Contract on the Defendant's website. *See* ECF No. [8], at 3.

Federal law permits cruise lines to impose a one–year limit on the time passengers have to bring a civil action. See 46 U.S.C. § 30508(b)(2). Such limits are enforceable "if the cruise ticket provided the passenger with reasonably adequate notice that the limits existed and formed part of

the passenger contract." *Nash v. Kloster Cruise A/S*, 901 F.2d 1565, 1566 (11th Cir. 1990) (per curiam). The "reasonable communicativeness" is a two-prong test. *Baer v. Silversea Cruises Ltd.*, 752 Fed. App'x 861, 864 (11th Cir. Oct. 19, 2018). First, courts look to the physical characteristics of the limitations provision, including the size of the text, its conspicuousness, and its typeface. *Id.* at 865. Second, courts analyze whether the passenger had the ability to become meaningfully informed of the clause and to reject its terms. *Id.*

Here, upon review of the Ticket Contract, the Court finds that the limitations provision in the Ticket Contract are clear and conspicuous. The first page of the Ticket Contract alerts the Ship's passengers of an

> **IMPORTANT NOTICE TO GUESTS: THIS DOCUMENT IS A LEGALLY BINDING CONTRACT ISSUED BY CARNIVAL CRUISE LINE TO, AND ACCEPTED BY, GUEST SUBJECT TO THE IMPORTANT TERMS AND CONDITIONS.**

ECF No. [6-1], at 1 (emphasis in original). On the top of the first page of the Ticket Contract, it further states in bolded font and all capital letters that the Ship's passengers are

> **ESPECIALLY DIRECTED TO CLAUSES 1, 4, AND 11 THROUGH 14, WHICH CONTAIN IMPORTANT LIMITATIONS ON THE RIGHTS OF GUESTS TO ASSERT CLAIMS AGAINST CARNIVAL CRUISE LINE, THE VESSEL, THEIR AGENTS AND EMPLOYEES, AND OTHERS.**

*Id.* The Court finds that this language sufficiently communicates that the sections mentioned will limit passengers' rights. *See Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1246 (11th Cir. 2012) (finding reasonable communicativeness where "an all-capital headline on the very first page of a large travel packet ... direct[ed] the [passengers'] attention to the terms and conditions"); *Nash*, 901 F.2d at 1567–68 (affirming finding of reasonable communicativeness

6

where first page of contract directed passengers to specific paragraphs that contained limitations provision).

Section 13 is entitled "**JURISDICTION, VENUES, ARBITRATION, AND GOVERNING LAW**." ECF No. [6-1], at 11 (emphasis in original). Section 13 further states that any claims "shall not be maintainable unless filed within one year after the date of injury." *Id.* This straightforward language clearly communicates that there is a one-year limitation on claims arising from personal injuries asserted against the Defendant. *See Krenkel v. Kerzner Int'l Hotels Ltd.,* 579 F.3d 1279, 1281–82 (11th Cir. 2009) (holding that a contractual provision satisfied the reasonable communicativeness test where it was "not hidden or ambiguous," and where it was set apart in a separate paragraph and contained plain language). Accordingly, the one-year limitation was clearly and conspicuously placed on the passenger ticket.

Relating to the second prong of the test, the Court evaluates not whether Plaintiff actually read the contract, but whether she had the opportunity to do so. *Baer*, 752 Fed. App'x at 866; *see also Calixterio v. Carnival Corp.*, No. 15-22210-CIV, 2016 WL 3973791, at *4 (S.D. Fla. Jan. 7, 2016) ("[T]he fact that a ticket may have been in the possession of a friend or relative is irrelevant as long as the plaintiff had an opportunity to read the terms and conditions of the contract.") (citation omitted). Indeed, the terms of a passenger ticket are enforceable regardless of whether Plaintiff took the time to read them. *See Myhra*, 695 F.3d at 1246 n.42 (whether plaintiffs "chose to avail themselves of the notices and to read the terms and conditions is not relevant" to the question of whether the terms were reasonably communicated). Here, Plaintiff not only references the Ticket Contract in her Complaint, but also admits in her Response that her actual ticket referenced the Ticket Contract on the confirmation page of sale. *See* ECF No. [8], at 3. Thus, Plaintiff had access to the Ticket Contract and was able to become meaningfully informed of its

terms if she chose to do so. Accordingly, the Court finds that Plaintiff had the reasonable opportunity to avail herself to the contract and its terms.

In her Response, Plaintiff relies on a single case from the Northern District of Illinois, *O'Connell v. Norwegian Caribbean Lines, Inc.*, 639 F.Supp. 846 (N.D. Ill. 1986)), in support of her argument that Carnival has inconspicuously communicated the terms and provisions of the Ticket Contract to Plaintiff. *See* ECF No. [8], at 4. In *O'Connell v. Norwegian Caribbean Lines, Inc.*, the district court denied in part the defendant cruise line's motion for summary judgment finding that its "incorporation statement," which incorporated the contract at issue, was not reasonably and conspicuously communicated to the Plaintiff because the statement was the smallest print on the entire page and appeared at the bottom corner of the ticket. *O'Connell v. Norwegian Caribbean Lines, Inc.*, 639 F. Supp. 846 (N.D. Ill. 1986). The Court finds no such compelling distinction in the instant action.

The Court first notes that the case relied upon by the Plaintiff is an out-of-district case, which is non-binding on this Court. Nonetheless, courts within this District have regularly held that warnings on passenger tickets, such as the one in the instant action, are sufficient to advise passengers of limitations of their rights to sue. *See e.g. Racca v. Celebrity Cruises, Inc.*, 606 F. Supp. 2d 1373, 1375 (S.D. Fla. 2009), aff'd, 376 F. App'x 929 (11th Cir. 2010) (dismissing a personal injury action where the "Guest Vacation Brochure" included a warning that the ticket contract contained important limitations on the rights of passengers); *see also Hayes v. Royal Caribbean Cruises, LTD.*, 2019 WL 1338574, at *2 (S.D. Fla. Mar. 22, 2019) (dismissing a personal injury action and finding the limitation provision was reasonably communicated to the passenger where the first page of the contract alerted all passengers of an "Important Notice to Guests" and directed guests to particular sections within the contract); *see also Seco v. NCL*

*(Bahamas) Ltd.*, 2013 WL 12086207, at *2 (S.D. Fla. Oct. 3, 2013), *aff'd on other grounds*, 588 F. App'x 863 (11th Cir. 2014) (dismissing an action and finding that the complaint was time-barred and where the applicable ticket contract was obvious, understandable, and the passengers had the ability to become informed of the contract's terms).

Further, the Eleventh Circuit has made clear that the reasonable communicativeness test is satisfied where a contractual provision is not hidden or ambiguous, and where such provision is set out in a separate paragraph and in plain language. *See generally Kerzner Int'l Hotels Ltd.,* 579 F.3d 1279, 1281–82 (11th Cir. 2009) (affirming an order granting dismissal on basis of a forum selection clause). Here, the Court finds the Ticket Contract was reasonably communicated to the Plaintiff and that Plaintiff's claims are barred by the applicable statute of limitations. Because the Complaint's deficiencies are not capable of being cured by amendment, the Court finds the Plaintiff's claims are due to the dismissed with prejudice.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [6]**, is **GRANTED**.
2. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED WITH PREJUDICE**.
3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**.
4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida on November 13, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record