UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-23885-BLOOM/Louis

ERIKA ROBERTS,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

### ORDER ON MOTION TO COMPEL DEPOSITIONS AND TO EXTEND PLAINTIFF'S TIME TO COMPLETE DISCOVERY

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Compel Depositions and to Extend Plaintiff's Time to Complete Discovery, ECF No. [42] ("Motion"), filed on January 19, 2022. Defendant filed a Response to the Motion, ECF No. [44] ("Response"), to which Plaintiff filed a Reply in Further Support of her Motion, ECF No. [49] ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

On September 22, 2020, the Court entered its Scheduling Order, ECF No. [21], setting a deadline of May 18, 2021 for the parties to disclose experts and exchange expert witness summaries or reports, June 15, 2021 for the completion of all discovery, and July 7, 2021 for the parties to file dispositive motions. *See id.* On May 18, 2021, Plaintiff filed an Agreed Motion for Continuance of Trial and Extension of Time as to Filing Deadlines, ECF No. [28] ("Agreed Motion"). The Court granted the Agreed Motion and, in relevant part, extended the expert disclosure deadline to November 30, 2021, the discovery deadline to December 28, 2021, and the

dispositive motion deadline to January 19, 2022. *See* ECF No. [29] ("Amended Scheduling Order").

Thereafter, on December 16, 2021, Plaintiff filed a Motion to Compel Inspection of the Subject Cruise Ship and to Extend Plaintiff's Discovery Deadlines. ECF No. [32] ("Motion to Compel"). The Court granted the Motion to Compel in part and "solely as to Plaintiff's request to inspect the subject ship" and instructed that "Defendant shall make the ship available for inspection, and the inspection shall take place no later than January 14, 2022." ECF No. [36]; *see also* ECF No. [38] (extending deadline to inspect the cruise ship by January 17, 2022). On January 19, 2022, Defendant filed its Motion for Summary Judgment, ECF No. [41]. That same day, Plaintiff filed the instant Motion, requesting the following relief: (1) "45-day extension of time to complete discovery, including depositions;" (2) "45-day extension of time to disclose experts and exchange expert witness summaries or reports;" and (3) "45-day extension of time to file all pre-trial motions." ECF No. [42] at 5.

Generally, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . if a request is made, before the original time or its extension expires; or on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). District courts are required to enter scheduling orders that "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). "Such orders 'control the subsequent course of the action unless modified by a subsequent order,' . . . and may be modified only 'upon a showing of good cause.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16(b), (e)). Once a Scheduling Order has been entered, the excusable neglect standard from Rule 6 is no longer applicable. *Id*. at 1418 n.2. The "good cause standard precludes modification unless the schedule

cannot be met despite the diligence of the party seeking the extension." *Id.* (citations and internal quotations omitted).

Upon review, Plaintiff has failed to demonstrate good cause or exceptional circumstances that would provide any basis for the Court to modify the Amended Scheduling Order to extend the deadlines to disclose experts, conduct discovery, or file dispositive motions. As Defendant correctly highlights, Plaintiff filed a Motion to Compel on December 16, 2021 requesting, in relevant part, that the "Court . . . extend Plaintiff's time to complete discovery[,]" *see* ECF No. [32] at 2, which the Court denied. ECF No. [36]. The Court finds no basis to hold differently at this juncture of the proceedings, especially since the discovery and dispositive motion deadlines have passed. While Plaintiff contends that "she has been asking for a [cruise ship] inspection and depositions since March 2021" and any delay was "caused solely by Defendant," *see* ECF No. [42] at 3-4, Plaintiff has failed to demonstrate why she could not have timely sought the relief she is now requesting. In sum, Plaintiff has failed to demonstrate good cause to modify the Amended Scheduling Order.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [42]**, is **DENIED** consistent with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 1, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record