**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-23885-BLOOM/Louis**

ERIKA ROBERTS,

Plaintiff,

v.

CARNIVAL CORPORATION,

Defendant.
_______________________________/

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's ("Defendant") Motion for Summary Judgment, ECF No. [41] ("Motion"), filed on January 19, 2022. The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

## I. BACKGROUND

Plaintiff Erika Roberts ("Plaintiff") initiated this action against Defendant on September 17, 2019, arising from personal injuries she sustained while onboard Defendant's cruise ship. ECF No. [1] ("Complaint"). According to the Complaint, on November 12, 2017, while walking on the pool deck of the *Carnival Victory*, Plaintiff slipped and fell and sustained various injuries. *Id.* ¶ 18. After her fall, Plaintiff called the infirmary and was told that someone would come to retrieve her. *Id.* However, despite the representation, no one came to assist her, and she was forced to walk to the infirmary for treatment for her injuries. *Id.* Plaintiff now seeks damages from Defendant for the injuries she sustained as a result of the incident and asserts the following claims for relief:

negligent maintenance (Count I); negligent failure to warn (Count II); negligent training of shipboard crewmembers (Count III); and negligent design (Count IV). *See generally id.*

Regarding the instant Motion, Defendant has filed a corresponding Statement of Material Facts in Support of Motion, ECF No. [40] ("Defendant's SMF"). Plaintiff filed a Response to Defendant's Motion, ECF No. [52] ("Response"), together with her Statement of Material Facts in Response to Defendant's Motion, ECF No. [51] ("Plaintiff's SMF Response"). Finally, Defendant filed a Reply in Support of its Motion, ECF No. [54] ("Reply"), and a Reply to Plaintiff's Statement of Additional Facts, ECF No. [53] ("Defendant's SMF Reply").

## II. MATERIAL FACTS

Based on the parties' respective statements of material facts, along with the evidence in the record, the following facts are not genuinely in dispute unless otherwise noted.[1]

Plaintiff embarked on Defendant's cruise ship, the *Carnival Victory*, on November 10, 2017. ECF No. [40] ¶¶ 1-2; ECF No. [51] ¶¶ 1-2. The cruise was a family vacation to celebrate Plaintiff's mother's birthday. ECF No. [40-1] at 104:12-14. Plaintiff's sister, Vicky Jones ("Ms. Jones"), organized the family vacation and booked the entire group cruise on her credit card. *Id.* at 104:15-105:3, 110:10-111:8. During the cruise booking process, Ms. Jones approached Plaintiff and other members of the family with the types of rooms available. *Id.* at 109:22-110:9. Plaintiff chose the room with the balcony. *Id.* at 110:3-17. Plaintiff paid Ms. Jones in cash for the balcony

---

[1] In Defendant's SMF Reply, Defendant argues that its SMF should be deemed admitted because Plaintiff failed to respond to Defendant's statement of facts as required by Local Rule 56.1(a)-(b). *See* S.D. Fla. L.R. 56.1. The Court recognizes that Plaintiff's SMF Response fails to comply with numerous local rules: (1) it does not clearly challenge any purportedly material facts asserted by Defendant, *id.* at 56.1(a)(2); (2) it does not correspond with the order and paragraph numbering format used by Defendant, *id.* at 56.1(b)(2)(A); and (3) it does not begin each paragraph with "disputed" or "undisputed," *id.* at 56.1(b)(2)(B). While these errors certainly warrant the Court striking all noncompliant briefs in their entirety, *id.* at 56.1(d), in the interest of fairness and expediency, the Court sets forth the facts insofar as they are supported by the evidence in the record.

room with the understanding that Ms. Jones would book the cruise for Plaintiff. *Id.* at 111:2-8, 112:4-7.

Plaintiff received her boarding pass from Ms. Jones when she arrived at the port to board the cruise on November 10, 2017. *Id.* at 113:8-21. On November 12, 2017, while on the cruise ship, Plaintiff fell and suffered personal injuries. *Id.* at 58:5-16; *see also* ECF No. [1] ¶ 27. Plaintiff was still on the cruise ship when she decided that she wanted to file a lawsuit against Defendant for her personal injuries. ECF No. [40-1] at 99:4-100:11. At that time, Plaintiff had a cell phone with internet access. *Id.* at 89:6-23, 90:6-13. Plaintiff does not know how to operate a computer or have an email account, *id.* at 88:20-89:5, 91:19-92:21, 120:7-13, but uses both Facebook and Instagram applications on her cell phone, *id.* at 89:20-90:13, 115:20-116:7.

On November 29, 2017, approximately three weeks after her incident, Plaintiff's counsel sent Defendant a Letter of Notice, ECF No. [39-3] ("Notice Letter"), advising Defendant that their "firm has been retained by [Plaintiff] to represent her in injuries resulting from [the subject] slip and fall." *Id.* at 2. In the Notice Letter, Plaintiff's counsel also identified the date, time, and location of the incident, along with the room that Plaintiff stayed in while onboard the cruise ship. *Id.* On January 2, 2018, Defendant responded to the Notice Letter, ECF No. [39-4] ("Response to Notice Letter"), and, in relevant part, advised counsel that "[a]ll rights in law, equity, and those contained within the passenger ticket contact are expressly reserved; including the forum selection / venue provision requiring all passenger lawsuits against [Defendant] to be filed in the United States District Court for the Southern District of Florida in Miami, Florida." *Id.* at 2.

On September 14, 2018, Defendant sent Plaintiff's counsel a letter advising that it had the opportunity to investigate Plaintiff's claim and found that it was not liable for the alleged incident. ECF No. [39-5] ("September 2018 Letter"). As with the Response to Notice Letter, Defendant also

stated that "[a]ll rights in law, equity, and those contained within the passenger ticket contract are expressly reserved[.]" *Id.* at 3. Thereafter, on February 13, 2019, Defendant sent Plaintiff's counsel a letter, ECF No. [39-6] ("February 2019 Letter"), advising that the one-year contractual limitations period on Plaintiff's personal injury claim had expired. *Id.* at 2. Plaintiff initiated the instant action on September 17, 2019, approximately seven months after receiving the February 2019 Letter. ECF No. [1].

Defendant now seeks summary judgment on the basis that Plaintiff's personal injury claims are time barred. Defendant maintains that the parties' relationship is governed by the terms and conditions of the Ticket Contract, ECF No. [39-1], which contains a one-year limitations period. *Id.* at 12.[2] Specifically, the first page of the Ticket Contract contains the following notice:

> **TICKET CONTRACT**
>
> **IMPORTANT NOTICE TO GUESTS: THIS DOCUMENT IS A LEGALLY BINDING CONTRACT ISSUED BY CARNIVAL CRUISE LINE TO, AND ACCEPTED BY, GUEST SUBJECT TO THE IMPORTANT TERMS AND CONDITIONS APPEARING BELOW.**
>
> **NOTICE: THE ATTENTION OF GUEST IS ESPECIALLY DIRECTED TO CLAUSES 1, 4, AND 11 THROUGH 14, WHICH CONTAIN IMPORTANT LIMITATIONS ON THE RIGHTS OF GUESTS TO ASSERT CLAIMS AGAINST CARNIVAL CRUISE LINE, THE VESSEL, THEIR AGENTS AND EMPLOYEES, AND OTHERS, INCLUDING FORUM SELECTION, CHOICE OF LAW, ARBITRATION AND WAIVER OF JURY TRIAL FOR CERTAIN CLAIMS.**
>
> **IMPORTANT TERMS AND CONDITIONS OF CONTRACT -**
>
> **READ CAREFULLY!**

*Id.* at 2 (emphasis in original). Additionally, Clause 13(a) of the Ticket Contract, entitled "Jurisdiction, Venue, Arbitration, Time Limits for Claims and Governing Law" provides:

---

[2] The parties do not dispute that the Ticket Contract was available online. *See* ECF No. [41] at 10; *see also* ECF No. [52] at 5.

> **13. <u>JURISDICTION. VENUE, ARBITRATION. TIME LIMITS FOR CLAIMS AND GOVERNING LAW</u>**
> (a) Carnival shall not be liable for any claims whatsoever for personal injury, illness or death of the Guest, unless full particulars in writing are given to Carnival within 185 days after the date of the injury, event, illness or death giving rise to the claim. Suit to recover on any such claim shall not be maintainable unless filed within one year after the date of the injury, event, illness or death, and unless served on Carnival within 120 days after filing. Guest expressly waives all other potentially applicable state or federal limitations periods.

*Id.* at 12 (emphasis in original).

Defendant maintains that Plaintiff electronically accepted the terms of the Ticket Contract. ECF No. [39-2] ("Acceptance Report"). Specifically, the Acceptance Report shows that Plaintiff accepted the terms of the Ticket Contract on September 24, 2017 for herself and her travel companion, Ashley Jenkins. *Id.* at 2. Plaintiff disputes that she accepted the Ticket Contract, or any other document from Defendant, prior to boarding the *Carnival Victory*. Specifically, Plaintiff testified during her deposition that she did not personally book the cruise, ECF No. [40-1] at 110:10-111:1, received her boarding pass from Ms. Jones prior to boarding the cruise ship, *id.* at 113:18-21, did not own a computer or laptop at the time the cruise was booked, *id.* at 120:11-13, and did not receive mail from Defendant at any time, *id.* at 120:14-18.

## III. LEGAL STANDARD

A court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties may support their positions by citations to materials in the record, including, among other things, depositions, documents, affidavits, or declarations. *See* Fed. R. Civ. P. 56(c). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S.

at 247-48).

A court views the facts in the light most favorable to the non-moving party, draws "all reasonable inferences in favor of the nonmovant and may not weigh evidence or make credibility determinations, which 'are jury functions, not those of a judge.'" *Lewis v. City of Union City, Ga.*, 934 F.3d 1169, 1179 (11th Cir. 2019) (quoting *Feliciano v. City of Mia. Beach*, 707 F.3d 1244, 1252 (11th Cir. 2013)); *see also Crocker v. Beatty*, 886 F.3d 1132, 1134 (11th Cir. 2018) ("[W]e accept [the non-movant's] version of the facts as true and draw all reasonable inferences in the light most favorable to him as the non-movant."). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which a jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. "If more than one inference could be construed from the facts by a reasonable fact finder, and that inference introduces a genuine issue of material fact, then the district court should not grant summary judgment." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 996 (11th Cir. 1990). The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Comm'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

Initially, the moving party bears the "responsibility of informing the . . . court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). If a movant satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819,

825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id.* (quoting *Celotex Corp.*, 477 U.S. at 322). The non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor. *See Shiver*, 549 F.3d at 1343. Yet, even where a non-movant neglects to submit any alleged material facts in dispute, a court must still be satisfied that the evidence in the record supports the uncontroverted material facts proposed by the movant before granting summary judgment. *See Reese v. Herbert*, 527 F.3d 1253, 1268-69, 1272 (11th Cir. 2008); *United States v. One Piece of Real Prop. Located at 5800 S.W. 74th Ave., Mia., Fla.*, 363 F.3d 1099, 1103 n.6 (11th Cir. 2004) ("*One Piece of Real Prop.*"). Indeed, even "where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from those facts," summary judgment may be inappropriate. *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).

In resolving the issues presented under Rule 56, "the court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied." *Carlin Commc'n, Inc.*, 802 F.2d at 1356. Moreover, summary judgment is inappropriate where the Court would be required to weigh conflicting renditions of material fact or determine witness credibility. *See Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 919 (11th Cir. 1993); *see also Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) ("It is not the court's role to weigh conflicting evidence or to make credibility determinations; the non-movant's evidence is to be accepted for purposes of summary judgment."); *Strickland v. Norfolk*

*S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he [or she] is ruling on a motion for summary judgment or for a directed verdict." (quoting *Anderson*, 477 U.S. at 255)); *see also Ramirez v. Nicholas*, No. 13-60820-CIV, 2013 WL 5596114, at *4 (S.D. Fla. Oct. 11, 2013) ("The Court may not make the credibility determinations needed to resolve this conflict; only the jury may do so.").

## IV. DISCUSSION

Defendant argues that summary judgment is warranted on all claims asserted in the Complaint because Plaintiff failed to commence this action within one year after the alleged injury, in contravention to the one-year limitations period set forth in the Ticket Contract. *See generally* ECF No. [41]. The parties do not dispute that Plaintiff was injured on November 12, 2017 and commenced this action on September 17, 2019. ECF No. [1] ¶¶ 7, 27; ECF No. [40] ¶ 15.

Courts will enforce a limitations period contained in a cruise ticket contract which limits the time frame in which an injured passenger may file suit if the "contract provided the passenger with reasonably adequate notice that the limit existed and formed part of the passenger contract." *Nash v. Kloster Cruise A/S*, 901 F.2d 1565, 1566 (11th Cir. 1990). In the Eleventh Circuit, this standard is applied using the "reasonable communicativeness" test.[3] *See Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1244 (11th Cir. 2012) (applying the reasonable communicativeness test to a cruise ticket contract); *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (applying same to guest hotel contract). The test requires a two-pronged analysis of the physical characteristics of the clause in question and plaintiff's opportunity to review and understand the contract terms. *Id.* Thus, "[t]he reasonable communicativeness test

---

[3] The parties do not dispute that the reasonable communicativeness test applies. *See generally* ECF Nos. [41] & [52].

involves 'an analysis of the overall circumstances . . . of the ticket itself, but also of any extrinsic factors indicating the passenger's ability to become meaningfully informed of the contractual terms at stake.'" *Lankford v. Carnival Corp.*, No. 12-24408-CIV, 2013 WL 12064497, at *4 (S.D. Fla. June 18, 2013) (quoting *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 835 (9th Cir. 2002)). "Whether the notice to passengers was reasonably adequate is a question of law." *Nash*, 901 F.2d at 1567 (citations omitted).

Under the first prong, the Court examines the term's physical characteristics, such as typeface, conspicuousness, and clarity, to determine whether the term is reasonably presented to the passenger. *Myhra*, 695 F.3d at 1245-46 (citing *Wallis*, 306 F.3d at 885-36 and *Spataro v. Kloster Cruise, Ltd.*, 894 F.2d 44 (2d Cir. 1990)); *see also Roberts v. Carnival*, 824 F. App'x 825, 828 (11th Cir. 2020) ("The first factor is limited to a review of the contract itself.").

Under the second prong, the Court examines whether the passenger "had the ability to become meaningfully informed of the clause and to reject its terms." *Myhra*, 695 F.3d at 1246. This analysis includes the circumstances surrounding the passenger's purchase of the ticket, the passenger's ability and incentive to become familiar with its terms, and any other notice that the passenger received outside of the ticket. *Id.* (quoting *Wallis*, 306 F.3d at 836); *see also Lankford*, 2013 WL 12064497, at *4. Importantly, the second prong of the reasonably communicative test does not require a court to determine whether the passenger *actually* read the contract term in question; rather, the relevant inquiry is whether the passenger had reasonable *opportunity* to review that term. *See Roberts*, 824 F. App'x 828 ("[W]hether Roberts read 'the terms and conditions is not relevant to the reasonable communicativeness inquiry." (citation omitted)); *Myhra*, 695 F.3d at 1246 n.42 ("We note that whether the [plaintiffs] chose to avail themselves of the notices and to read the terms and conditions is not relevant to the reasonable communicativeness inquiry."

(citation omitted)); *Kirby v. NCL (Bah.) Ltd.*, No. 10-23723-CV, 2010 WL 11556551, at *1 (S.D. Fla. Dec. 28, 2010) ("[I]t is well settled that the issue is not whether a passenger has read its ticket, but instead whether the passenger had the *opportunity* to read its ticket." (collecting cases)).

The second prong may be satisfied by constructive notice when a reasonable opportunity to become meaningfully informed of the contract term is provided to the passenger's agent who books travel arrangements on the passenger's behalf. *McArthur v. Kerzner Int'l Bah. Ltd.*, 607 F. App'x 845, 847-48 (11th Cir. 2015) ("[B]ecause the [plaintiffs'] trip involved travel arrangements made by the travel agent, they are charged with constructive notice of the terms and conditions in the contract the travel agent had with the [resort]."); *Kirby*, 2010 WL 11556551, at *1 (noting "[c]ourts have even held that a travel agent's possession of the ticket is sufficient to charge passengers with constructive notice of the ticket provisions" (citing *Gomez v. Royal Caribbean Cruise Lines*, 964 F. Supp. 47, 50-51 (D.P.R. 1997); *Hicks v. Carnival Cruise Lines, Inc.*, 1995 A.M.C. 281, 288–89 (E.D. Pa. 1994); *Shankles v. Costa Armatori, S.P.A.*, 722 F. 2d 861, 863-64 (1st Cir. 1983))).

**A. Physical Characteristics of the One Year Limitations Period**

Defendant first argues that the font, structure, and language of the Ticket Contract is sufficiently clear under the first prong of the reasonably communicative test. ECF No. [41] at 5-8. Plaintiff, however, maintains that the Ticket Contract does not have the physical characteristics that give Plaintiff adequate notice of contractual limitations on her right to file suit and that its contractual terms are ambiguous. ECF No. [52] at 4-8. The Court agrees with Defendant that the one-year limitations period contained in the Ticket Contract is sufficiently clear and conspicuous to meet the first prong of the reasonable communicative test.[4]

[4] As an initial matter, the Court highlights that notwithstanding Plaintiff's contention that the Ticket Contract's "clauses are full of ambiguous and opaque terms[,]" ECF No. [52] at 7, Plaintiff has failed to

Specifically, the first page of the Ticket Contract alerts the passenger in legible, bold, and capitalized typeface:

> **IMPORTANT NOTICE TO GUESTS: THIS DOCUMENT IS A LEGALLY BINDING CONTRACT ISSUED BY CARNIVAL CRUISE LINE TO, AND ACCEPTED BY, GUEST SUBJECT TO THE IMPORTANT TERMS AND CONDITIONS APPEARING BELOW.**

ECF No. [39-1] at 2 (emphasis in original). Additionally, at the top of the first page, The Ticket Contract further provides in legible, bold, and capitalized typeface:

> **NOTICE: THE ATTENTION OF GUEST IS ESPECIALLY DIRECTED TO CLAUSES 1, 4, AND 11 THROUGH 14, WHICH CONTAIN IMPORTANT LIMITATIONS ON THE RIGHTS OF GUESTS TO ASSERT CLAIMS AGAINST CARNIVAL CRUISE LINE, THE VESSEL, THEIR AGENTS AND EMPLOYEES, AND OTHERS, INCLUDING FORUM SELECTION, CHOICE OF LAW, ARBITRATION AND WAIVER OF JURY TRIAL FOR CERTAIN CLAIMS.**

*Id.* (emphasis in original). This language clearly and conspicuously notifies the passenger on the first page of the Ticket Contract that it contains limitations on the passenger's rights. *See Myhra*, 695 F.3d at 1246 (finding reasonable communicativeness where "an all-capital headline on the very first page of a large travel packet . . . direct[ed] the [passengers'] attention to the terms and conditions"); *see also Nash*, 901 F.2d at 1567-68 (finding reasonable communicativeness where first page of contract directed passengers to specific paragraphs that contained limitations provision).

---

offer any alternative interpretation of its terms. *See Davis v. Valsamis, Inc.*, 752 F. App'x 688, 692 (11th Cir. 2018) ("A contract provision is ambiguous if it 'is susceptible to two or more reasonable interpretations that can fairly be made.'" (quoting *Dahl-Eimers v. Mut. of Omaha Life Ins. Co.*, 986 F.2d 1379, 1381 (11th Cir. 1993))). Rather, Plaintiff maintains that the Notice clause on the first page of the Ticket Contract is not clear because it does not "mention[] anything about limiting the time to sue[.]" ECF No. [52] at 5. The Court is not persuaded. Indeed, as set forth herein, the Notice Clause specifically directs passengers to "Clauses 1, 4, and 11 through 14, which contain important limitations on the rights of guests to assert claims against [Defendant][.]" ECF No. [39-1] at 2 (emphasis omitted). The limitations period is set forth in Clause 13. *Id.* at 12.

The one-year limitations period appears in Clause 13, entitled "**JURISDICTION, VENUE, ARBITRATION, TIME LIMITS FOR CLAIMS AND GOVERNING LAW**." ECF No. [39-1] at 12 (emphasis in original). Clause 13(a) limits the passenger's right to sue, by stating "Suit to recover on any such claim shall not be maintainable unless filed within one year after the date of the injury, event, illness or death, and unless served on Carnival within 120 days after filing." *Id.* Clause 13(a) further provides that "Guest expressly waives all other potentially applicable state or federal limitations periods." *Id.*

Upon review of the Ticket Contract, the Court concludes that the language of Clause 13(a) adequately communicates its contents to the lay passenger. Indeed, the language is straightforward and legible, and is preceded by a bold, underlined, and capitalized heading. Further, the limitations period contained in Clause 13(a) is not buried in the Ticket Contract. To the contrary, the first page cautions the passenger that the document is "**A LEGALLY BINDING CONTRACT**" that should be "**READ CAREFULLY!**" and directs the passenger to specifically review Clause 13, which plainly states that the passenger must file any lawsuit "within one year[.]" *Id.* at 2, 12 (emphasis in original). These characteristics are sufficient to satisfy the first prong of the reasonable communicative test. *See Krenkel*, 579 F.3d at 1281-82 (holding that a contractual provision satisfied the reasonable communicativeness test where it was "not hidden or ambiguous," and where it was set apart in a separate paragraph, and contained plain language); *Myhra*, 695 F.3d at 1245-46 (finding lengthy booklet with "very small, but legible, type" which on the first page specifically directed passengers to terms and conditions on the back of brochure satisfied provided reasonably adequate notice); *Nash*, 901 F.2d at 1567-68 (finding multi-page cruise contract where first page specifically directed passenger to certain terms and conditions and where each numbered paragraph of contract is typed in the same size letter, style and color was sufficiently

communicative); *Calixterio v. Carnival Corp.*, No. 15-22210-CIV, 2016 WL 3973791, at *3 (S.D. Fla. Jan. 7, 2016) (finding the ticket contract's physical characteristics, including the "bolded, capitalized heading at the top of the ticket contract directing the passenger to specific terms and conditions, along with the legible and consistent font of the rest of the contract, provides reasonably adequate notice to satisfy the first prong of the test.").

**B. Opportunity to be Meaningfully Informed of the Limitations Term**

Having found that the Ticket Contract satisfies the first prong of the reasonable communicativeness test, the Court next considers whether Plaintiff had a meaningful opportunity to be informed of the one-year limitations period.

Defendant argues that Plaintiff is bound by the one-year limitations period because she had the opportunity, both before and after the cruise, to review the terms of the Ticket Contract. ECF No. 8-10. Specifically, Defendant maintains that "Plaintiff electronically accepted the ticket's terms in September 2017, was in physical possession[] of the ticket when she boarded in November 2017, knew she wanted to file suit when onboard, and had internet access to view the electronic version of the ticket at all times until the deadline passed in November 2018." *Id.* at 8. Defendant further sets forth that it "twice told Plaintiff's counsel (in January and September 2018) that [Defendant] was reserving its rights under the Ticket Contract before it expired." *Id.* at 8-9.

In response, Plaintiff argues that genuine issues of material fact remain regarding whether Plaintiff was given adequate, *prior* notice of the limitations period contained in the Ticket Contract. ECF No. [52] at 9. Specifically, according to Plaintiff, the following questions preclude summary judgment in Defendant's favor and must be resolved by a trier of fact: (1) "Did Plaintiff electronically sign the Ticket Contract?" (2) "Why is Defendant's attached Ticket Contract physically unsigned and undated?" (3) "Does Defendant's report of guests who allegedly accepted

the Ticket Contract authentically show guests [who have] accepted the Ticket Contract?" (4) "Did Defendant give Plaintiff a meaningful opportunity to review the Ticket Contract?" (5) "Does Plaintiff have a duty to use her phone while in the middle of a cruise to read a Ticket Contract?" (6) "Was Plaintiff given adequate, meaningful notice of the Ticket Contract even though she never communicated with anyone about it or given any documents relating to this limitation until after her cruise was already over?" and (7) "Do the physical characteristics of the Ticket Contract adequately give notice to Plaintiff?" ECF No. [52] at 9.

Additionally, Plaintiff maintains that she cannot be bound by the one-year limitations period because "she did not book the ticket and was not given her boarding pass until she was already at the port to embark." *Id.* at 10. Plaintiff further explains that "she does not know how to use a computer and [does not] own one, so she could not have electronically signed any Ticket Contract or reviewed one through a computer." *Id.* Thus, according to Plaintiff, "the only way she could have been on notice [of the one-year limitations period] is if Defendant physically handed the Ticket Contract to her or mailed it to her." *Id.*

Viewing the facts in the light most favorable to Plaintiff, the record conclusively establishes that Plaintiff had the opportunity to be informed of the one-year limitations period in the Ticket Contract. As an initial matter, the Acceptance Report reveals that Plaintiff electronically accepted the terms of the Ticket Contract on September 24, 2017 at 6:55 p.m.—approximately six (6) weeks before boarding the subject cruise ship. ECF No. [39-2] at 2. Defendant has provided the sworn declaration of Monica Borcegue, Defendant's corporate representative, attesting to the Acceptance Report's authenticity and explaining how it electronically details the date and time in which passengers, or someone acting on their behalf, accepts the terms of the Ticket Contract. ECF No. [39] ¶¶ 7-9. Defendant has also offered evidence that Plaintiff could not have boarded the

subject cruise ship without accepting the terms and conditions of the Ticket Contract. *Id.* ¶ 6; *see also* ECF No. [39-1] at 2.

While Plaintiff urges the Court to disregard the Acceptance Report on the basis that it is not authentic, the Court is not persuaded that Plaintiff has raised a genuine dispute of material fact regarding her acceptance of the Ticket Contract. Notably, even accepting Plaintiff's assertion that she was not involved in the booking process and does not know how to use a computer, Plaintiff does not dispute that Ms. Jones was Plaintiff's agent for purposes of booking her ticket. Nor does she challenge whether Ms. Jones accepted the Ticket Contract on her behalf.[5] Indeed, the record reflects that Plaintiff authorized Ms. Jones to book the cruise ticket, ECF No. [40-1] at 104:15-105:3, 110:10-111:8, communicated with Ms. Jones regarding the travel arrangements, *id.* at 110:3-17, received relevant documents from Ms. Jones, *id.* at 113:8-21, and paid Ms. Jones for the trip, *id.* at 111:2-8, 112:4-7. Thus, to the extent Ms. Jones affirmatively accepted the terms of the Ticket Contract on Plaintiff's behalf, Plaintiff is charged with constructive notice of the Ticket Contract's provisions, including the limitations period found in Clause 13.[6] *See Calixterio*, 2016 WL 3973791, at *4 ("The fact that a ticket may have been in the possession of a friend or relative is irrelevant so long as the plaintiff had an opportunity to read the terms and conditions of the contract." (citation omitted) (collecting cases)); *Kirby*, 2010 WL 11556551, at *1 (finding limitations period enforceable when third party made travel arrangements on plaintiff's behalf,

[5] As stated above, the second prong of the reasonable communicativeness test "may be satisfied by constructive notice when a reasonable opportunity to become meaningfully informed of the contract term is provided to the passenger's agent who books travel arrangements on the passenger's behalf." *Baer v. Silversea Cruises Ltd.*, No. 17-CV-60208, 2018 WL 707682, at *5 (S.D. Fla. Feb. 5, 2018), *aff'd*, 752 F. App'x 861 (11th Cir. 2018).

[6] To the extent Plaintiff contends that she must physically sign and date the Ticket Contract to be bound by it, ECF No. [52] at 2, 9, the Court is unaware of, and Plaintiff has failed to cite to, any authority suggesting that a cruise passenger must sign a ticket contract to be bound by its terms and conditions.

despite that plaintiff never received or reviewed the ticket contract and her internet was not functioning); *Angel v. Royal Caribbean Cruises, Ltd.*, No. 02-20409-CIV, 2002 WL 31553524, at *3 (S.D. Fla. Oct. 22, 2002) (finding one-year limitations period enforceable because plaintiff had reasonable notice of the contracts conditions even when plaintiff did not pay for his own ticket and plaintiff did not read its terms).

Moreover, even if the Court were to assume that Plaintiff did not have the opportunity to review the terms of the Ticket Contract before boarding the subject cruise, Plaintiff had up to one year after the subject incident to apprise herself of its terms and conditions. This is especially true given Plaintiff's testimony that she decided to sue Defendant for her personal injuries while she was still on the cruise ship. ECF No. [40-1] at 99:4-100:11. *See Racca v. Celebrity Cruises, Inc.*, 376 F. App'x 929, 931 (11th Cir. 2010) (enforcing ticket contract terms and noting that "after [plaintiff's] injury, or certainly after one of his surgeries, it is not unreasonable to expect [plaintiff] to read the three-page contract which the face of the brochure directed him to."); *Nash*, 901 F.2d at 1568 ("Although a passenger may almost never read all of the fine print on the ticket upon purchase, or as pleasure reading in the berth the first night at sea, the same passenger might very well be expected to consult the multifarious terms and conditions of the ticket/contract in the event of an accident resulting in a loss or injury." (quoting *Shankles*, 722 F.2d at 865)); *Angel v. Royal Caribbean Cruises, Ltd.*, 2002 WL 31553524, at *4 (same).

Lastly, the Court must emphasize that despite retaining counsel as early as November 29, 2017, ECF No. [39-3], Plaintiff waited nearly two years after the subject incident to commence this lawsuit, ECF No. [1]. Plaintiff was advised via counsel on two separate occasions that Defendant was reserving all rights under the Ticket Contract. ECF No. [39-4]; ECF No. [39-5]. Certainly, Defendant's correspondence gave Plaintiff a reasonable opportunity to become

meaningfully informed of the Ticket Contract before the expiration of the one-year limitations period. *See Racca*, 376 F. App'x at 931 (noting that "even though [plaintiff] consulted an attorney by July 2007, [plaintiff] waited another nine months to commence this lawsuit.").

Without citing to any authority, Plaintiff maintains that the letters sent to her counsel cannot qualify as proper notice because "Plaintiff's due process rights afford her the opportunity to be given proper notice before embarking on the ship." ECF No. [52] at 11. The Court is not persuaded. First, as set forth above, Plaintiff need not have a meaningful opportunity to review the Ticket Contract prior to embarkation, so long as Plaintiff had the opportunity to review its terms and conditions after her injury. *See, e.g.*, *Racca*, 376 F. App'x at 931; *Nash*, 901 F.2d at 1568. Moreover, "[i]t is axiomatic that the Due Process clause protects against deprivations of due process by state actors." *Rothman v. Chase Home Fin., LLC*, No. 05-20793-CIV, 2005 WL 8155926, at *2 (S.D. Fla. July 29, 2005) (citing *Langston v. ACT*, 890 F.2d 380, 384 (11th Cir. 1989). At no point has Plaintiff alleged that Defendant is a state actor, or that it was acting in conjunction with a state actor. Thus, Plaintiff's due process challenge fails as a matter of law.

Based on the foregoing, the Court concludes that Plaintiff had the opportunity to become meaningfully informed of the one-year limitations period set forth in the Ticket Contract before the deadline expired. As such, Plaintiff's claims are barred by the applicable statute of limitations.

## V. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [41]**, is **GRANTED**.
2. Pursuant to Federal Rule of Civil Procedure 58, Final Judgment will be entered by separate order.

3. To the extent not otherwise disposed of, all pending motions are **DENIED AS MOOT**, any scheduled hearings are **CANCELED**, and all deadlines are **TERMINATED**.
4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 21, 2022.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record